MEZERKOR, ADMR., APPELLANT, *v.* MEZERKOR ET AL.; UNITED STATES FIDELITY & GUARANTY COMPANY ET AL., APPELLEES.

MEZERKOR, ADMR., APPELLEE, *v.* MEZERKOR ET AL.; UNITED STATES FIDELITY & GUARANTY COMPANY ET AL., APPELLANTS.

[Cite as *Mezerkor v. Mezerkor* (1994), 70 Ohio St.3d 304.]

(Nos. 92–1734 and 92–1763—Submitted February 23, 1994—Decided September 21, 1994.)

*Michael J. Flament* and *Daniel J. Ryan,* for administrator, appellant in case No. 92–1734 and appellee in case No. 92–1763.

*Timothy P. Ristau Co., L.P.A., Timothy P. Ristau* and *Robert N. Stein,* for USF&G and Fidelity, appellees in case No. 92–1734 and appellants in case No. 92–1763.

A. WILLIAM SWEENEY, J.   The instant cases present this court with the opportunity to straighten out what has developed into nothing  short  of  a

procedural morass. In order to make sense out of what took place in the courts below, we have abridged the procedural history of these cases by relating only those aspects which are germane to our resolution of these causes.

Predictably, the procedural quagmire these cases have produced has led the parties to assert a number of issues relating to consolidation and merger of cases under Civ.R. 42, whether cases retain separate identities even when consolidated, and whether a court of appeals can entertain an appeal of a case decided by a trial court from another jurisdiction. These issues may all be interesting material for a law school exam, but are not necessary to our disposition of the causes *sub judice.*

In any event, the determinative issue posed in these appeals is whether the summary judgments granted in favor of USF&G and Fidelity were appealable orders pursuant to Civ.R. 54.

Civ.R. 54 provides in part:

"(B) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136, this court recently upheld the appealability of an order granting summary judgment as to fewer than all of the parties involved in litigation since, *inter alia,* the trial judge had certified the order as being appealable under Civ.R. 54(B) by stating that there was "no just reason for delay."

In the instant cause, however, the trial judge made no such certification that the orders of summary judgment were appealable, presumably because he wished to reserve the right to revise such a decision before adjudicating all the claims of all the parties involved in this litigation. In its decision below, the court of appeals noted that "[t]he previous summary judgments granted in this case [Cuyahoga County Common Pleas case No. 110564, now case No. 92–1763] in favor of Fidelity and USF&G had not been final appealable orders up to this time because of the absence of Civ.R. 54(B) language."

However, we believe that the court of appeals below erred in holding the appeal of the administrator in case No. 92–1734 (Cuyahoga County Common Pleas case No. 139678) to be untimely because the summary judgment "independently became a final appealable order." While the appellate court correctly noted the timeliness of the appeal in case No. 92–1763 based on the absence of a Civ.R. 54(B) certification order, the court apparently forgot that the absence of a Civ.R. 54(B) certification order in the consolidated cases delayed the necessity of an immediate appeal by the administrator in case No. 92–1734 as well.

While we might be tempted to digress in this matter and discuss the effect of Civ.R. 42 on the consolidation of the cases in the trial court below, the instant cases are more readily disposed of on the basis that the absence of Civ.R. 54(B) certification language prevented the immediate appealability of the summary judgments granted in favor of Fidelity and USF&G in both of the consolidated cases.

In any event, under the peculiar facts herein, justice will ultimately be served in the causes *sub judice* given the fact that the relevant holding in *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, was overruled in *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, during the pendency of these actions. Thus, the rights and liabilities of the parties will now be determined under the current state of Ohio law which disallows family exclusions in uninsured motorist insurance policies.

In addition, the argument raised by Fidelity in case No. 92–1763 that the plaintiff-administrator lacked proper standing to bring a declaratory judgment action against it without first obtaining a judgment against the tortfeasor was recently settled in plaintiff's favor in *Krejci v. Prudential Prop. & Cas. Ins. Co.* (1993), 66 Ohio St.3d 15, 607 N.E.2d 446.[2]

Therefore, based on all of the foregoing, we hold that in case No. 92–1734 the judgment of the court of appeals is reversed and the cause is remanded, and in case No. 92–1763, the judgment of the court of appeals is hereby affirmed.

*Judgments accordingly.*

RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.

MOYER, C.J., and WRIGHT, J., dissent.

WRIGHT, J., dissenting. This case is a procedural morass (on this I agree with the majority), and for that reason a little more is involved than simply whether

---

2. Our recent decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, may also have some bearing on the resolution of the instant causes on remand.

the summary judgments entered in favor of USF&G and Fidelity were appealable orders pursuant to Civ.R. 54. At issue is whether the case filed by the administrator of Joseph Mezerkor's estate (case No. 110564 in the trial court) and the declaratory judgment action filed by Fidelity (case No. 139678 in the trial court) merged when the two were consolidated under Civ.R. 42. In my view, the cases did not merge but instead retained their separate identities. Both cases, therefore, were separately appealable. Accordingly, I believe the court of appeals was correct in holding that the appeal of case No. 139678 was untimely and that the court therefore had no jurisdiction to consider the grant of summary judgment in that case. I do believe, however, that the court of appeals erred in not giving *res judicata* effect to the decision in case No. 139678. For these reasons, I would affirm in part and reverse in part the decision of the court of appeals.

Apparently the issue of consolidation under Civ.R. 42(A) is one of first impression for this court, but other courts and commentators agree that consolidating two cases does not merge them into one.[3] " '[C]onsolidation is permitted as a matter of convenience and economy in administration, but *does not merge the suits into a single cause,* or change the rights of the parties, or make those who are parties in one suit parties in another.' " (Emphasis added.) *Transcon Bldrs., Inc. v. Lorain* (1976), 49 Ohio App.2d 145, 150, 3 O.O.3d 196, 199, 359 N.E.2d 715, 719, quoting *Johnson v. Manhattan Ry. Co.* (1933), 289 U.S. 479, 496–497, 53 S.Ct. 721, 727–728, 77 L.Ed. 1331, 1345. "Where multiple cases are consolidated for trial purposes, they are not merged—they remain separate cases." 2 Fink, Wilson & Greenbaum, Ohio Rules of Civil Procedure With Commentary (1992) 615.

I agree with the statements above and would hold that the consolidation of case Nos. 110564 and 139678 did not merge the two cases into one. Instead, they remained separate cases. With regard to case No. 139678—the declaratory judgment action filed by Fidelity—the court of common pleas granted summary judgment in favor of Fidelity on November 29, 1988, thus ending that case on the merits. Therefore, the court in essence declared that Fidelity, not USF&G, had issued the automobile policy covering Ruby Mezerkor and that under the terms of that policy Fidelity had no duty to defend or indemnify her. The court entered summary judgment in Fidelity's favor well before the February 5, 1990

---

3. If the cases had merged when they were consolidated, the majority would certainly be correct in holding that in the absence of a Civ.R. 54(B) certification order the summary judgments entered in favor of USF&G and Fidelity could not have been appealed until the remainder of the case was decided on February 5, 1990. By holding that the absence of a certification order under Civ.R. 54(B) delayed the necessity of an immediate appeal in case No. 139678, the majority in effect decides the issue of consolidation despite its statement to the contrary.

entry of final judgment in case No. 110564, the companion case filed by the administrator in which Fidelity and USF&G had been named as defendants. The administrator and Ruby Mezerkor, who were the defendants in case No. 139678, were required by App.R. 4(A) to file an appeal of that case within thirty days of the entry of the judgment. Neither defendant did so within that time, and the court of appeals was therefore correct in holding that it lacked jurisdiction to hear an appeal of that case. Thus, the matters declared in case No. 139678 are final and must be given *res judicata* effect.

1 Restatement of the Law 2d, Judgments (1982), addresses the effect to be given judgments in declaratory judgment actions. Section 33 provides:

"A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action."

Comment *b* to Section 33 explains that "[i]f a declaratory judgment is valid and final, it is conclusive, with respect to the matters declared, as to all persons who are bound by the judgment. * * * But in order to be bound, a person must have been an adversary of the prevailing party with respect to the matter declared." *Id.* at 334.

The administrator of Joseph Mezerkor's estate, as an adversary to the prevailing party in case No. 139678, is bound by the determinations made in that case. As a result, he is barred from appealing in a separate case (case No. 110564) any matters related to the coverage and enforceability of the automobile insurance policy issued to Ruby Mezerkor. Stated another way, as the prevailing party in case No. 139678, Fidelity is entitled to rely on the judgment in that case and to receive some benefit for having successfully argued its position. The court of appeals, therefore, erred in reversing the decision in case No. 110564 and remanding the cause for a reconsideration of the motion for summary judgment filed by Fidelity and USF&G.

In sum, I would affirm the decision of the court of appeals in case No. 139678 (case No. 92–1734 in the present appeal) and reverse the decision of the court of appeals in case No. 110564 (case No. 92–1763 in the present appeal). For the foregoing reasons, I respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.