WHITAKER, Appellant,

v.

KEAR, Appellee.

[Cite as *Whitaker v. Kear* (1996), 113 Ohio App.3d 611.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 96CA2178.

Decided Aug. 19, 1996.

*Mazer & Co., L.P.A., Bernard D. Mazer* and *William C. Donahue,* for appellant.

*John C. Nemeth & Assoc., John C. Nemeth* and *David A. Herd,* for appellee.

KLINE, Judge.

This appeal arises from the Ross County Court of Common Pleas. Plaintiff-appellant Michael D. Whitaker brought a legal malpractice claim, case No. 95–CI–79, against defendant-appellee J.G. Kear. Appellant also brought suit against two other attorneys that he employed after appellee; these suits were assigned case Nos. 95–CI–198 and 95–CI–207. The three cases were consolidated pursuant to Civ.R. 42(A)[1] by the trial court upon motion by appellant. The trial court

1. Civ.R. 42(A) provides:

subsequently granted summary judgment to appellee because it found that appellant had not brought suit within the one-year statute of limitations. The claims against the other two attorneys remain pending. Appellant appealed the grant of summary judgment. However, the trial court's entry did not include Civ.R. 54(B) "no just reason for delay" certification. Therefore, appellant's appeal must be dismissed because the trial court's grant of summary judgment is not a final appealable order. *Mezerkor v. Mezerkor* (1994), 70 Ohio St.3d 304, 308, 638 N.E.2d 1007, 1010–1011.

In *Mezerkor*, the Ohio Supreme Court was confronted with two separate appellate decisions involving separately filed cases that had been consolidated. One appellate decision held that a judgment on an individual case did not become a final appealable order until the entire consolidated case was resolved because no Civ.R. 54(B) certification was present. *Id.* at 305, 638 N.E.2d at 1008–1009. The other appellate decision dismissed as untimely an appeal that had been filed after the entire consolidated case was resolved because the court reasoned that the judgment resolving the individual case was a final appealable order and not a partial judgment. *Id.* at 305–306, 638 N.E.2d at 1008–1009.

It appeared that *Mezerkor* would thus turn on the Ohio Supreme Court's interpretation of Civ.R. 42(A) and whether a case that is consolidated retains its own identity for purposes of appealability or becomes one with the other cases that have been consolidated. If a consolidated case retains its own identity for purposes of appeal, then the case would be immediately appealable. Conversely, if cases that were consolidated merge into one case for purposes of appeal, then an individual case would not be appealable until the entire consolidated case was resolved absent Civ.R. 54(B) certification. Civ.R. 54(B) certification permits a court to "enter final judgment as to one or more but fewer than all of the claims or parties" and thus make a judgment on an individual case that had been consolidated immediately appealable if the judgment also satisfies R.C. 2505.02.[2]

The leading Ohio case on the matter held that consolidated cases retain their separate identity based upon the United State Supreme Court's statement in *Johnson v. Manhattan Ry. Co.* (1933), 289 U.S. 479, 496–497, 53 S.Ct. 721, 727–728, 77 L.Ed. 1331, 1345, that "consolidation is permitted as a convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties

---

"Consolidation. When actions involving a common question of law or fact are pending before a court, that court after a hearing may order a joint hearing or trial of any or all matters in issue in the actions; it may order some or all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

**2.** R.C. 2505.02 provides the definition of a final order.

in another." *Transcon Builders, Inc. v. Lorain* (1976), 49 Ohio App.2d 145, 150, 3 O.O.3d 196, 199, 359 N.E.2d 715, 718. But, see, *Bender v. Diemert* (Mar. 21, 1991), Cuyahoga App. Nos. 58304 and 58368, unreported, 1991 WL 39680. However, the federal circuits are split on whether the statement in *Johnson v. Manhattan Ry. Co.* applies to the appealability of a consolidated case. See 9 Wright & Miller, Federal Practice and Procedure: Civil 2d (2 Ed.1994) 468–470, Section 2386.

The federal appellate districts are divided into three camps regarding whether the individual cases that have been consolidated are separately appealable without Civ.R. 54(B) certification. Civ.R. 54(B) applies to cases with either multiple claims or multiple parties and would not seem to apply to a consolidated case if the individual cases retain their separate character, that is, unless the individual claim had multiple claims or multiple parties. The three approaches of the federal courts of appeals may be summarized as follows:

(1) *All consolidated actions are separately appealable.* This approach relies upon the theory behind consolidation espoused in *Johnson v. Manhattan Ry. Co., i.e.,* that consolidated cases retain their individual character. These courts hold that Fed.R.Civ.P. 54(b) does not apply to consolidated cases. The benefits of this approach are that parties can easily determine whether they should appeal and their cases may be more promptly resolved. See, *e.g., FDIC v. Caledonia Invest. Corp.* (C.A.1, 1988), 862 F.2d 378, 380–381; *Kraft, Inc. v. Local Union 327, Teamsters* (C.A.6, 1982), 683 F.2d 131, 133; *In re Massachusetts Helicopter Airlines, Inc.* (C.A.1, 1972), 469 F.2d 439, 441.

(2) *No consolidated actions are individually appealable irrespective of the nature of the consolidation unless Fed.R.Civ.P. 54(b) certification is present.* This approach treats a consolidated case as if it were one case instead of several separate claims for purposes of appealability. In support of this approach, these courts cite administrative efficiency and the ease that parties have in determining when to appeal. In essence, these courts argue that the statement in *Johnson v. Manhattan Ry. Co.* is merely dicta because that case did not address the appealability of consolidated cases. This approach also avoids treating a case filed with multiple claims differently from individual cases that have been consolidated into a multiclaim case: both are not appealable until all claims are disposed of absent Fed.R.Civ.P. 54(b) certification. The other approaches treat a consolidated multiclaim case differently from one filed with multiple claims. See, *e.g., Trinity Broadcasting Corp. v. Eller* (C.A.10, 1987), 827 F.2d 673, 675; *Huene v. United States* (C.A.9, 1984), 743 F.2d 703, 704–705. See, generally, *Cablevision Sys. Dev. Co. v. Motion Picture Assn. of Am., Inc.* (C.A.D.C.1987), 808 F.2d 133, 136.

(3) *Some consolidated actions are individually appealable depending upon the nature of consolidation in the case.* This approach adopts a middle ground between the other two approaches and depends more on a case-by-case review. Generally, if an entire case and not just one issue was consolidated, then individual actions are not separately appealable. These courts also argue that the statement in *Johnson v. Manhattan Ry. Co.* is dicta. This approach gives the appellate court more control over its docket, but the case-by-case method creates uncertainty for the parties regarding when they should file their appeal. See, *e.g., Eggers v. Clinchfield Coal Co.* (C.A.4, 1993), 11 F.3d 35, 39; *Lewis Charters, Inc. v. Huckins Yacht Corp.* (C.A.11, 1989), 871 F.2d 1046, 1048–1049; *Mendel v. Production Credit Assn. of the Midlands* (C.A.8, 1988), 862 F.2d 180, 182; *Bergman v. Atlantic City* (C.A.3, 1988), 860 F.2d 560, 567; *Hageman v. City Investing Co.* (C.A.2, 1988), 851 F.2d 69, 71; *Sandwiches, Inc. v. Wendy's Internatl., Inc.* (C.A.7, 1987), 822 F.2d 707, 710; *Ringwald v. Harris* (C.A.5, 1982), 675 F.2d 768, 770. See Virden, Consolidation Under Rule 42 of the Federal Rules of Civil Procedure: The U.S. Courts of Appeals Disagree on Whether Consolidation Merges the Separate Cases and Whether the Cases Remain Separately Final for Purposes of Appeal (1991), 141 F.R.D. 169; Gerson, The Appealability of Partial Judgments in Consolidated Cases (1990), 57 U.Chi. L.Rev. 169.

In the face of this controversy, the Ohio Supreme Court in *Mezerkor* stated that it was not deciding which interpretation of Civ.R. 42(A) applied. *Mezerkor v. Mezerkor,* 70 Ohio St.3d at 307, 638 N.E.2d at 1009–1010. However, the court then proceeded to consider whether Civ.R. 54(B) certification was present in the trial court's entry granting judgment on individual claims in the consolidated case. *Id.* at 307–308, 638 N.E.2d at 1009–1011. The court affirmed the appellate court opinion holding that an individual case that was consolidated was not appealable until the entire consolidated case had been tried because no Civ.R. 54(B) certification was present. *Id.* The court reversed the appellate court decision that had held that an individual case that had been consolidated was immediately appealable. *Id.* Therefore, despite its contentions to the contrary, the court did interpret Civ.R. 42(A) and adopted option two of those outlined above by its actions; the court's search for Civ.R. 54(B) certification would have been unnecessary if individual cases were separately appealable as in option one and the court did not consider the degree or nature of the consolidation as in option three. Therefore the law in Ohio appears to be that individual cases that have been consolidated may not be appealed until the consolidated case reaches its conclusion absent Civ.R. 54(B) certification in the judgment entry.

The rule applied in *Mezerkor* was, however, not followed in the Ohio Supreme Court's recent decision of *Redman v. Ohio Dept. of Indus. Relations* (1996), 75

Ohio St.3d 399, 662 N.E.2d 352. In *Redman,* the court allowed an appeal and held that *Mezerkor* did not apply even though only two of the three actions in the consolidated case had been decided and no Civ.R. 54(B) certification was present. *Id.* at 401, 662 N.E.2d at 355, fn. 2. The court stated that the two actions had already been litigated and were only waiting decision when the third action was added by consolidation. *Id.* The court cited judicial economy concerns as the basis for its distinction of *Mezerkor. Id.* Therefore, in *Redman* the court appeared to use option three because it considered the degree of consolidation between the actions.

While option three may have been judicially economical to the court in the specific *Redman* case, we do not believe that it is judicially economical in general. The appellate court would be forced to review all of the consolidated cases and then attempt to determine whether the cases were sufficiently intertwined to hold that the individual cases were merged into one. After this laborious undertaking, the appellate court might determine that an individual case is not appealable. This concern would be neutralized if *Redman* meant to adopt a rule that appellate courts were to look only to the trial court's entry of consolidation and not examine the record to determine whether the entire case had been consolidated.[3] However, litigants will doubtlessly be tempted to argue that the issues that have been consolidated add up to an entire case, thus forcing the appellate court to review the entire consolidated case record.

We think it just as simple to look for Civ.R. 54(B) certification in the trial court's entry. If a partial judgment is unique or if appellate review should be immediately considered, the trial court is in the best position to determine this and can use Civ.R. 54(B) certification in its entry. Additionally, piecemeal appeals might also result if option three were put into practice. Civ.R. 54(B), which the court applied in *Mezerkor,* reflects a strong policy against piecemeal appeals. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1384–1385. Furthermore, option three as applied in *Redman* would create uncertainty for the appellant regarding when to appeal, although we concede that App.R. 4(B)(5) would likely alleviate this concern.[4]

---

3. In the case *sub judice,* the trial court's entry indicates that the three cases were consolidated. The entry does not indicate that only parts of the cases had been consolidated.

4. App.R. 4(B)(5) provides:

  *"Partial final judgment or order.* If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B)."

The Ohio Supreme Court has applied both options two and three, but has not announced which option is to be followed. We believe that the court's holding in *Mezerkor* using option two was the wiser tack and we thus view the footnote in *Redman* as dicta. The approach in *Mezerkor* avoids piecemeal appeals, is administratively efficient, creates clarity for litigants regarding when to appeal, and treats consolidated multiclaim cases similar to other multiclaim cases. This approach does have the disadvantage of delaying the appeal of partially consolidated cases. However, the trial court may alleviate this concern by using Civ.R. 54(B) certification if it feels this is warranted. Therefore, we hold that consolidated cases are not individually appealable absent Civ.R. 54(B) certification.

In the case *sub judice*, appellant appealed an individual case that had been consolidated. No Civ.R. 54(B) certification appeared in the judgment entry. Accordingly, appellant's appeal is dismissed.

*Appeal dismissed.*

HARSHA and STEPHENSON, JJ., concur.