DECISION
This case involves the consolidation of twenty separate actions brought against twenty different lending institutions for their apparent failure to record timely satisfaction of mortgages pursuant to R.C. 5301.26. The trial court certified a class as to twelve of those institutions. Those twelve institutions then independently filed twelve notices of appeal with this court. The appeals have been consolidated. Essentially the twelve lending institutions allege that the trial court erred in granting class certification. For the following reasons, we dismiss the consolidated appeals on jurisdictional grounds.
Background
In 1998 and 1999, twenty separate actions were brought against defendants-appellants City Loan Financial Services, PNC Bank, Winton Savings Loan Co., Bank One Mortgage Corp., Fidelity Federal Savings Bank, Fifth Third Bank, Citizens Federal Bank, Chase Manhattan Mortgage Corp., Star Bank (a.k.a Firstar), NationsBanc Mortgage Corp., The Huntington National Bank, Beneficial Ohio, Inc. (a.k.a. Beneficial Mortgage Co. of Ohio), Fleet Mortgage Corp., First Union Home Equity Corp., Countrywide Home Loans (a.k.a. Countrywide Financial Services Corp.), Associates Financial Services Corp., Capstead, Inc., Provident Bank, Union Savings Bank, and Guardian Savings Bank. In March 1999, pursuant to Civ.R. 42 and Loc.R. 7 of the Hamilton County Court of Common Pleas, the trial court consolidated eighteen of the twenty actions under one case number, A-9802556, and the case was thereafter referred to as "In re Consolidated Mortgage Satisfaction Cases." In May 1999, the remaining two actions were added to the consolidation order. In all twenty actions, the plaintiffs moved separately for class certification.
A class-certification hearing was conducted on December 10, 1999. At the hearing, the plaintiffs indicated that apparently eight of the twenty consolidated actions were actively engaged in settlement negotiations. The institutions involved in the settlement proceedings included City Loan Financial Services, PNC Bank, Winton Savings Loan Co., Bank One Mortgage Corp., Fidelity Federal Savings Bank, Fifth Third Bank, Citizens Federal Bank, and Chase Manhattan Mortgage Corp. As a result, the trial court only heard arguments relating to the remaining twelve actions against Star Bank (a.k.a Firstar), NationsBanc Mortgage Corp., The Huntington National Bank, Beneficial Ohio, Inc. (a.k.a. Beneficial Mortgage Co. of Ohio), Fleet Mortgage Corp., First Union Home Equity Corp., Countrywide Home Loans (a.k.a. Countrywide Financial Services Corp.), Associates Financial Services Corp., Capstead, Inc., Provident Bank, Union Savings Bank, and Guardian Savings Bank.
Following the hearing, the trial court entered an order certifying a class pursuant to Civ.R. 23(C) for "certain consolidated actions" on January 26, 2000. The order named those plaintiffs who had initially brought twelve of the separate actions as representatives of the class, and the court then certified a class consisting of any past mortgagors meeting the following criteria:
 (a) Persons who were in the past a mortgagor on any residential mortgage upon which the Defendants were the mortgagees at the time the indebtedness secured by said mortgage was paid in full; and
 (b)Who paid in full the amounts due and owing under the residential mortgage during the periods of:
Octavia Gray v. Case No. A9803564 March 26, 1997, up to Associates Financial and including June Services 25, 1998;
Jordon Godbold Case No. A9803506 March 23, 1997, up to Brenda Parchman v. and including June Beneficial Ohio, Inc. 28, 1998;
Clarissa Boyd, Peter Case No. A9901853 January 5, 1998, up to Blanche Kabengele and including April v. Capstead, Inc. 5, 1999;
Thomas P. Tressler, III, Case No. A9901494 December 18, 1997, Anna Hutchinson and up to and including Jeffrey Bley v. March 18, 1999; Countrywide Home Loans
Patricia Schultz v. Case No. A9803460 March 22, 1997, up to First Union Home and including June Equity Corporation 22, 1998;
David Fluker v. Case No. A9804009 April 17, 1997, up to Fleet Mortgage Corp. and including July 17, 1998;
Ronald Carolyn Case No. A9900878 November 19, 1997, Kellerman, Mary R. up to and including Scott, and Gregory February 19, 1999; Badger v. Guardian Savings Bank
John E. Nolan Case No. A9803739 April 6, 1997, up to v. Huntington National and including July 6, Bank 1998;
Edmond Algie Weeden Case No. A9902587 February 7, 1998, up v. NationsBanc Mortgage to and including May Corporation 7, 1999;
Christopher W. Godley v. Case No. A9804008 April 17, 1997, up to Provident Bank and including July 17, 1998;
June McDonald v. Case No. A9803508 March 23, 1997, up to Star Bank and including June 23, 1998;
Steven Deborah Case No. A9901193 December 4, 1997, up Breckheimer and Edward to and including Cora Busch v. March 4, 1999; Union Savings Bank
and who are otherwise entitled to a release or satisfaction of mortgage; and
(c) Whose satisfaction of mortgage was not recorded within ninety (90) days of the mortgage being paid in full by the mortgagor.
In sum, the court certified a class as to past mortgagors (1) who had a residential mortgage with either Star Bank (a.k.a Firstar), NationsBanc Mortgage Corp., The Huntington National Bank, Beneficial Ohio, Inc. (a.k.a. Beneficial Mortgage Co. of Ohio), Fleet Mortgage Corp., First Union Home Equity Corp., Countrywide Home Loans (a.k.a. Countrywide Financial Services Corp.), Associates Financial Services Corp., Capstead, Inc., Provident Bank, Union Savings Bank, or Guardian Savings Bank; (2) who had paid the loan in full during a specified time period; and (3) whose satisfaction of mortgage was not recorded within ninety days of the mortgage being paid in full.
In February 2000, Star Bank (a.k.a Firstar), NationsBanc Mortgage Corp., The Huntington National Bank, Beneficial Ohio, Inc. (a.k.a. Beneficial Mortgage Co. of Ohio), Fleet Mortgage Corp., First Union Home Equity Corp., Countrywide Home Loans (a.k.a. Countrywide Financial Services Corp.), Associates Financial Services Corp., Capstead, Inc., Provident Bank, Union Savings Bank, and Guardian Savings Bank filed twelve individual notices of appeal. In each appeal, it is alleged that the trial court erred in certifying the class on January 26, 2000.[3]
NationsBanc Mortgage Corp. also argues in a second assignment of error that the trial court erred in relying on the affidavit of William Bowen. The appeals have since been consolidated by order of this court under the number C-000114.
After the appeals were filed, the trial court issued an order staying further proceedings in the consolidated case. The order stated the following:
 [T]hat all proceedings in these consolidated actions are stayed. This Order does not apply to the following individual actions:
 Spencer v. Winton Savings, Case No. A9805495
Schmidt v. Fidelity Savings, Case No. A9900312
Netter v. Bank One, Case No. A9803507
Meiners v. PNC, Case No. A9804193
Thiem v. City Loan, Case No. A9802556
Frye v. Fifth Third, Case No. A9804885
Schneider v. Citizens Federal, Case No. A9804206
Dean v. Chase Mortgage Company, Case No. A9900577
In effect, the order stayed the consolidated case as it applied to the twelve individual actions that were involved in the appeal to this court, but it did not stay the eight other individual actions that were involved in settlement negotiations at the time of the hearing on the motion to certify the class.
Jurisdictional Issues
Although it has been not raised by the parties, there is a question as to whether the January 26, 2000, class-certification order is a final appealable order. R.C. 2505.03 confers upon appellate courts jurisdiction over "final order[s]." An order granting or denying class certification is considered a final order pursuant to R.C. 2505.02(B)(5). But because the class-certification order here did not involve all the parties named in the consolidated case, and because those other parties continue to have viable, separate claims, a question remains as to whether the order is appealable for those parties that have sought to contest it. The answer to this question centers on whether consolidation merged all the actions into a single case. Thus, if the actions retained separate identities even when consolidated, then the class-certification order constitutes a final order as to the twelve cases that were affected by the order, and the defendants involved in those cases may appeal the class-certification order; but if consolidation had the effect of merging all twenty actions into one case, then the class-certification order does not, on its face, affect the eight remaining actions, and it is not appealable absent Civ.R. 54(B) certification.
In Merzorkor v. Merzorkor,[4] the Supreme Court of Ohio held that a consolidated case was not appealable, absent Civ.R. 54(B) certification, where summary judgment was granted on one, but not all, of the consolidated claims. The court determined that Civ.R. 42 consolidation has the effect of merging multiple actions into one single case, and that Civ.R. 54(B) certification is therefore necessary to confer jurisdiction on an appellate court.[5] But, in a subsequent decision, the court distinguished Merzorkor by permitting an appeal of two cases involved in a consolidated action where two of three actions had already been litigated before the third action was added by consolidation, and where no Civ.R. 54(B) certification was present.[6] Uniformly, appellate courts, including this court, have dealt with this dichotomy by treating consolidated cases similar to other multi-claim cases. The reasons given to support this position are generally administrative efficiency and the need to simplify the determination of when to appeal.[7] Further, there is a strong policy in Ohio to avoid piecemeal litigation.[8] Thus, individual actions in a consolidated case are not appealable absent Civ.R. 54(B) certification.[9]
Given that, we conclude that the January 26, 2000 class-certification order is not final and appealable, because eight actions involved in the consolidated case were unaffected by the class-certification order. While the record demonstrates that the claims against City Financial were settled and dismissed with Cprejudice before this appeal, and that the action involving Fidelity Federal was stayed pending the outcome of this appeal,[10] there is nothing in the record demonstrating whether the remaining six actions were settled and dismissed with prejudice, whether the remaining actions were stayed pending our decision on appeal, or whether they were removed from the consolidation order.[11] Without more, the class-certification order cannot be considered final and appealable, because there remain pending claims that are beyond its ambit.
Under these circumstances, Civ.R. 54(B) certification language that "there is no just reason for delay" must be demonstrated by the record in order to confer jurisdiction on this court. While Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable order, it can render appealable a final order entered in a single action involving multiple claims or parties, and adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties.[12]
Because no Civ.R. 54(B) certification language is demonstrated in the record, we hold that the January 26, 2000, class-certification order is not now appealable. Accordingly, we dismiss this appeal.
Doan, P.J., Sundermann and Winkler, JJ.
[3] The appellants have all filed separate briefs. A joint brief has also been filed, but Associates Financial Services Corp., Countrywide Home Loans, and Star Bank (a.k.a. Firstar) have not signed that brief and apparently do not join in it.
[4] (1994), 70 Ohio St.3d 304, 638 N.E.2d 1007.
[5] See id. at 308, 640 N.E.2d at 1010 (Wright, J., dissenting).
[6] See Redman v. Ohio Dept. of Indus. Relations (1996),75 Ohio St.3d 399, 401, 662 N.E.2d 352, 355, fn. 2.
[7] See Whitaker v. Kear, (1996), 113 Ohio App.3d 611, 615,681 N.E.2d 973, 976.
[8] See id.
[9] See Whitaker v. Kear, supra, at 614-615, 681 N.E.2d at 975-976;Sexton v. Conley (Aug. 7, 2000), Scioto App. No. 99CA9655, unreported;Boyce v. Rabiner (July 30, 1999), Hamilton App. No. C-980724, unreported; Mallory v. Keating (Aug. 14, 1998), Hamilton App. No. C-980160, unreported, appeal not allowed (1998), 84 Ohio St.3d 1446,703 N.E.2d 326; Cincinnati v. Univ. of Cincinnati (Aug. 14, 1998), Hamilton App. No. C-980161, unreported, appeal not allowed (1998),84 Ohio St.3d 1445, 703 N.E.2d 325; Grable v. Board of Zoning Appeals
(Sept. 10, 1997) Summit App. No. 18185, unreported, appeal not allowed (1998), 84 Ohio St.3d 1439, 702 N.E.2d 1215; Gates v. Berger (Nov. 21, 1996), Franklin App. Nos. 96APEO4-544 and 96-APEO4-552, unreported. But, see, Raphael v. Brigham (Nov. 9, 2000), Franklin App. No. 00AP-328, unreported.
[10] Fidelity filed an "Agreed Entry Staying Proceedings Pending Outcome of the Appeal," which states that even though some parties did not participate in the class-certification hearing and were unaffected by the class-certification order because they were involved in settlement negotiations, they would be bound by the decision rendered by our court, and they would be bound by the trial court's order granting class certification.
[11] While the record demonstrates that the actions involving Fifth Third Bank and Citizens Federal Bank have been certified as separate classes, there is nothing in the record demonstrating that those actions were subsequently settled or dismissed with prejudice.
[12] See Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352,617 N.E.2d 1136 (Douglas, J. and Resnick, J., dissenting).