OPINION
{¶ 1} Appellant, Keybank National Association ("Keybank"), appeals from the judgment of the Portage County Court of Common Pleas. The trial court entered summary judgment in favor of appellee, Graphic Enterprises, Inc. ("Graphic Enterprises"), and denied Keybank's motion for summary judgment.
{¶ 2} Keybank filed a foreclosure action against TAS International, Inc. ("TAS"), in Portage County case No. 97 CV 1256. Graphic Enterprises subsequently filed a suit against Keybank in Stark County. This Stark County case was transferred to Portage County and assigned case No. 99 CV 1084. The trial court consolidated case Nos. 99 CV 1084 and 97 CV 1256 in accordance with Trascon Bldrs. v. Lorain.[1]
{¶ 3} Although neither of the parties raise this issue, we will address whether this appeal constitutes a final appealable order pursuant to Civ.R. 54(B), which states:
 {¶ 4} "(B) Judgment upon multiple claims or involving multiple parties.
 {¶ 5} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of the decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
{¶ 6} In a judgment entry filed October 16, 2001, the trial court granted summary judgment in favor of Graphic Enterprises against Keybank. The judgment entry was only filed under case No. 99 CV 1084. The judgment entry did not address any rights or liabilities of the parties involved in case No. 97 CV 1256. Finally, the judgment entry did not contain a Civ.R. 54(B) certification stating that there was no just reason for delay.
{¶ 7} The trial court also ruled on the companion case, case No. 97 CV 1256, in a judgment entry that only addressed the rights and responsibilities of the parties in that case. That judgment was also appealed to this court.[2] Although the judgment entry in this companion case did not contain a Civ.R. 54(B) certification, a separate panel of this court chose to address the merits of the case. The panel reversed the trial court's judgment, holding that summary judgment was not appropriate, and remanded the case to the trial court for further proceedings.[3] Therefore, case No. 97 CV 1256 is currently pending before the trial court.
{¶ 8} In Mezerkor v. Mezerkor, the Supreme Court of Ohio addressed final appealable orders as they relate to consolidated cases.[4] InMezerkor, this court had ruled that a granting of summary judgment in one of the consolidated cases was a final appealable order.[5] The Supreme Court of Ohio responded to this court's decision, stating "the court apparently forgot that the absence of a Civ.R. 54(B) certification order in the consolidated cases delayed the necessity of an immediate appeal * * *."[6] The Supreme Court of Ohio then reversed this court's decision on this issue.[7]
{¶ 9} The Supreme Court of Ohio revisited this issue in Redman v.Ohio Dept. of Indus. Relations.[8] In Redman, the court found Mezerkor
inapplicable to the unique facts of the case. Specifically, the court noted that two of the consolidated cases had been fully litigated and that consolidation was only done so that the same trial court judge could hear all of the cases.
{¶ 10} In response to these Supreme Court of Ohio cases, several appellate districts in this state have held that a granting of summary judgment on only one case in a consolidated action does not constitute a final appealable order. Specifically, the Fourth Appellate District has held that "consolidated cases are not individually appealable absent Civ.R. 54(B) certification."[9] Likewise, the First Appellate District has noted that "individual actions in a consolidated case are not appealable absent Civ.R. 54(B) certification."[10]
{¶ 11} We follow these appellate holdings and hold that a judgment on only one part of a consolidated case is not a final appealable order without Civ.R. 54(B) certification. This holding helps to avoid piecemeal appeals.[11] Further, the trial court is in the best position to determine if an appeal of only one case in a consolidated action should proceed by itself, and the trial court need only add a Civ.R. 54(B) determination to accomplish this result.[12]
{¶ 12} Since the judgment entry in this case disposed of only part of a consolidated case and did not contain a Civ.R. 54(B) certification, there is no final appealable order before this court. This appeal is dismissed.
{¶ 13} This court has now separately reviewed two cases that were consolidated at the trial court level. Both of these cases have now been returned to the jurisdiction of the trial court. We instruct the trial court to dispose of both of these cases with a single judgment entry, which addresses the rights and responsibilities of all of the parties in both cases, or, if the trial court decides to address these cases individually, to include a Civ.R. 54(B) certification in its judgment entry.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] Trascon Bldrs., Inc. v. Lorain (1976), 49 Ohio App.2d 145,150.
[2] Keybank Natl. Assn. v. TAS-Internatl., Inc., 11th Dist. No. 2001-P-0043, 2002-Ohio-3120.
[3] Id. at ¶ 22-23.
[4] Mezerkor v. Mezerkor (1994), 70 Ohio St.3d 304.
[5] Mezerkor v. Mezerkor (June 30, 1992), 11th Dist. No. 90-G-1560, 1992 Ohio App. LEXIS 3422.
[6] Mezerkor v. Mezerkor, 70 Ohio St.3d at 308.
[7] Id.
[8] Redman v. Ohio Dept. of Indus. Relations (1996),75 Ohio St.3d 399.
[9] Whitaker v. Kear (1996), 113 Ohio App.3d 611, 616.
[10] McDonald v. Star Bank (Dec. 15, 2000), 1st Dist. No. C-000114, 2000 Ohio App. LEXIS 5852, at *10, citing Whitaker, supra; Sexton v.Conley (Aug. 7, 2000), 4th Dist. No. 99CA9655, 2000 Ohio App. LEXIS 3647; Boyce v. Rabiner (July 30, 1999), 10th Dist. No. C-980724, 1999 Ohio App. LEXIS 3470; Mallory v. Keating (Aug. 14, 1998), 1st. Dist. No. C-980160, 1998 Ohio App. LEXIS 3714, appeal not allowed (1998),84 Ohio St.3d 1446; Cincinnati v. Univ. of Cincinnati (Aug. 14, 1998), 1st Dist. No. C-980161, 1998 Ohio App. LEXIS 3712, appeal not allowed (1998), 84 Ohio St.3d 1445: Grable v. Board of Zoning Appeals (Sept. 10, 1997), 9th Dist. No. 18185, 1997 Ohio App. LEXIS 4122, appeal not allowed (1998), 84 Ohio St.3d 1439; Gates v. Berger (Nov. 21, 1996), 10th Dist. Nos. 96APEO4-544 and 96APEO4-552, 1996 Ohio App. LEXIS 5175; But, seeRaphael v. Brigham (Nov. 9, 2000), 10th Dist. No. 00AP-328, 2000 Ohio App. LEXIS 5196.
[11] See Whitiker v. Kear, 113 Ohio App.3d at 615.
[12] Id. at 616.