JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, Juvenile Court Division, the briefs and the oral arguments of counsel.
 {¶ 2} The record before us demonstrates that plaintiff-appellant/cross-appellee Nadine Norton and her then minor son, M.N., filed a complaint to establish the parent-child relationship with, and to seek child support from, defendant-appellee/cross-appellant Kevin Vesely.
 {¶ 3} The court issued a pretrial order in which it ordered Vesely to pay child support to Norton. Thereafter, the matter came on for hearing before a magistrate. Norton and Vesely were the only two witnesses who testified at the hearing; M.N. was not present. The magistrate subsequently ordered that Vesely was obligated to pay Norton past child support. Norton and Vesely both objected to the magistrate's order. The objections were subsequently overruled by the trial court, and the magistrate's orders were adopted. No resolution of M.N.'s claim was made. Norton attempts to appeal and Vesely attempts to cross-appeal.
 {¶ 4} Civ.R. 54(B) provides that, when more than one claim for relief is presented in an action, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. If the trial court fails to make that determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. Id.
 {¶ 5} In Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus, the Supreme Court of Ohio held, "an order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." Absent the mandatory language "no just reason for delay," an order that does not dispose of all claims is not final and appealable. Id. at 96; see, also, Mezerkorv. Mezerkor (1994), 70 Ohio St.3d 304, 307, 638 N.E.2d 1007.
 {¶ 6} Here, the trial court did not dispose of M.N.'s claim for child support against Vesely and there is no finding by the trial court that there is "no just reason for delay." As such, there is no final appealable order, and this court lacks jurisdiction to hear this appeal.
This appeal is dismissed.
It is, therefore, ordered that plaintiff-appellant/cross-appellee and defendant-appellee/cross-appellant equally share the costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court, Juvenile Division, directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., Concur.