[Cite as *Bradley v. Blume*, 2017-Ohio-8601.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| LARRY W. BRADLEY, | : | Case No. 17CA3794 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| T. KEVIN BLUME, ET AL., | : | **RELEASED: 11/06/2017** |
| Defendants-Appellees. | : | |

<u>APPEARANCES</u>:

Larry W. Bradley, Ross Correctional Institution, Chillicothe, Ohio, pro se appellant.

Daniel P. Ruggiero, Ruggiero & Salyer, L.P.A., Portsmouth Ohio, for appellees T. Kevin Blume and The Blume Law Firm.

J.B. Marshall, Jr., Portsmouth, Ohio, for appellees Sam Bradley and Preston Walters.

Harsha, J.

{¶1}   This is an appeal from consolidated cases granting summary judgment to T. Kevin Blume, The Blume Law Firm, Sam Bradley, and Preston Walters on Larry W. Bradley's civil actions claiming that they conspired in guardianship and estate proceedings to deprive him of his inheritance from his parents.

{¶2}   Larry W. Bradley asserts that the trial court erred in granting summary judgment to the defendants.  We cannot address the merits of his contentions because the trial court's entries in the consolidated cases did not constitute a final appealable order in that they did not resolve Sam Bradley's counterclaim and did not make an express determination of no just reason for delay.  We dismiss the appeal.

I. FACTS

{¶3}   Larry W. Bradley "is currently incarcerated for a first degree felony aggravated robbery conviction that occurred in Scioto County, as well as a fourth

degree felony receiving stolen property conviction that occurred in Jackson County, and

* * * his scheduled date of release from prison is not until November 25, 2018." *Bradley v. Hooks*, 4th Dist. Ross No. 16CA3576, 2017-Ohio-4105, ¶ 3 and fn. 2 ("Both trial courts and appellate courts can take judicial notice of filings readily accessible from a court's website").

**{¶4}** In December 2013, he filed three separate pro se complaints in the Scioto County Court of Common Pleas against T. Kevin Blume and The Blume Law Firm (Case No. 13CIH224), Sam Bradley (Case No. 13CIH225), and Preston Walters (Case No. 13CIH227). Although not entirely clear because of the rambling nature of the complaints, it appears that Larry claimed in Case No. 13CIH224 that: (1) Blume and The Blume Law Firm conspired with Sam Bradley to deprive him of his inheritance by filing frivolous motions in the probate court without first giving him the opportunity to consent; (2) Blume and The Blume Law Firm conspired with the probate court because his objections were never addressed by the court; (3) Blume and The Blume Law Firm were guilty of conspiracy in violation of 18 U.S.C. 241; (4) Blume and The Blume Law Firm were guilty of deprivation of rights under color of law in violation of 18 U.S.C. 242; and (5) Blume and The Blume Law Firm were guilty of violating U.C.C. 2-301, misrepresentation, abuse of estate, and embezzlement of estate property.

**{¶5}** In Case No. 13CIH225, Larry alleged that: (1) Sam Bradley fraudulently acquired access to the estate of Betty Bradley to deprive him of his inheritance; and (2) Sam Bradley embezzled $300,000 worth of cash and property from him in violation of the U.C.C., the U.P.C., and federal and state laws.

**{¶6}** In Case No. 13CIH227, Larry claimed that Preston Walters conspired with The Blume Law Firm to deprive him of his inheritance.

**{¶7}** Although each complaint included a space for the allegations to be notarized, they were not. The defendants answered by denying Larry W. Bradley's claims, and Sam Bradley filed a counterclaim against him.

**{¶8}** The defendants filed motions for summary judgment, supported by affidavits and exhibits. Larry W. Bradley filed a memorandum in opposition, which did not include any supporting summary-judgment evidence.

**{¶9}** In Case No. 13CIH224, the trial court granted the defendants' motions for summary judgment on Larry W. Bradley's claims against them, but did not rule on Sam Bradley's pending counterclaim and did not make an express determination of no just reason for delay. The trial court consolidated the cases, and Larry appealed.

### III. Jurisdiction

**{¶10}** Larry W. Bradley raises seventeen rambling assignments of error essentially contesting the trial court's grant of summary judgment to the defendants on his claims against them. But before addressing the merits of Jones's appeal, we must determine whether this appeal is properly before us. " 'An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction.' " *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 28, quoting *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989),

syllabus.  A final order includes an order that affects a substantial right in an action that in effect determines the action and prevents a judgment.  R.C. 2505.02(B).

**{¶11}**  Civ.R. 54(B), which applies in cases involving multiple claims or parties, requires the court to make an express determination that there is no just reason for delay to make an order adjudicating fewer than all the claims or the rights of fewer than all the parties appealable.  *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 6-8; *Pinkerton v. Salyers*, 4th Dist. Ross No. 13CA3388, 2015-Ohio-377, ¶ 21.

**{¶12}**  The trial court did not resolve Sam Bradley's counterclaim and made no express determination that there is no just reason for delay in its entries granting the defendants' motions for summary judgment on Larry W. Bradley's claims against them. "Claims in consolidated cases are considered together."  *See Brannon v. Persons*, 2d Dist. Montgomery No. 27151, 2016-Ohio-7980, ¶ 9, citing *Whitaker v. Kear*, 113 Ohio App.3d 611, 681 N.E.2d 973 (4th Dist.1996) (holding that claims in consolidated cases are not individually appealable absent Civ.R. 54(B) language).  Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *Whitaker* at 616.  The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *."  *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d

183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipeline*, 49 Ohio St.2d

158, 160, 359 N.E.2d 702 (1977).

    **{¶13}** Because the trial court's entries in the consolidated cases do not

constitute a final appealable order, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**