[Cite as *M & T Bank v. McCrae*, 2019-Ohio-938.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

M & T BANK ET AL.,

Plaintiffs-Appellees,

v.

JACK MCCRAE III ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0054**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case Nos. 17 CV 2951, 2016 CV 283

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Glenn Algie*, Reisendfeld & Associates LLC, 3962 Red Bank Road, Cincinnati, Ohio 45227, and *Atty.* Michael Hoza, 211 South Main Street, Poland, Ohio 44514, for Plaintiffs-Appellees, and

*Atty. Michael Rossi*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, Ohio 44482, for Defendants-Appellants.

Dated:
March 14, 2019

**Donofrio, J.**

{¶1}   Defendant/third-party plaintiff-appellant, Jack McCrae III, appeals from various judgments of the Mahoning County Common Pleas Court in a foreclosure action and an eviction action that were consolidated together in the common pleas court.

{¶2}   In 2016, McCrae was the record owner of three properties in New Middletown, Ohio.  The three properties are all contiguous: 5114 East Calla Road; 5112 East Calla Road; and a third parcel that was vacant.  McCrae resided at 5112 East Calla Road.  McCrae had a mortgage with plaintiff/third-party defendant-appellee, M&T Bank.

{¶3}   On January 28, 2016, M&T filed a complaint in foreclosure against McCrae in the Mahoning County Court of Common Pleas (the foreclosure action).  The complaint caption listed three parcel numbers but the body of the complaint only specified one property, 5114 East Calla Road.  Likewise, all exhibits M&T attached to its complaint only specified 5114 East Calla Road.  But a legal description that was incorporated into the mortgage described all three properties.  M&T subsequently filed an amended complaint, in which the caption again listed three parcel numbers but the body of the complaint only listed 5114 East Calla Road.

{¶4}   On June 27, 2016, after McCrae failed to respond to the foreclosure action, M&T moved for default judgment.  On August 10, 2016, the trial court granted M&T's motion for default judgment, issued a decree of foreclosure, and ordered the property sold at a sheriff's sale.

{¶5}   On April 27, 2017, the trial court entered judgment confirming the sale to plaintiffs/third-party defendants-appellees, Frank and Annette Divito.  This judgment entry also listed all three of McCrae's properties by parcel numbers but only listed 5114 East Calla Road as an address.

{¶6}   After the Divitos purchased the property, on August 16, 2017, they filed a forcible entry and detainer action in Struthers Municipal Court against McCrae seeking to evict him from 5114 East Calla Road (the eviction action).  They later amended the

complaint seeking to evict McCrae from 5112 East Calla Road, 5114 East Calla Road, and the vacant lot adjacent to those two addresses.

**{¶7}** On August 30, 2017, McCrae filed a motion for relief from judgment in the foreclosure action. He argued that the foreclosure action only sought relief for 5114 East Calla Road and that after the foreclosure action, he continued to make payments on his mortgage for 5112 East Calla Road. McCrae argued he was never in default on 5112 East Calla Road and it was improper for the trial court to foreclose on that property.

**{¶8}** On September 1, 2017, McCrae filed an answer and asserted a counterclaim against the Divitos in the eviction action seeking to quiet title in his name to 5112 East Calla Road and the vacant lot. On September 8, 2017, McCrae filed a third-party complaint against M&T in the eviction action for slander of title.

**{¶9}** On October 11, 2017, in the eviction action, M&T filed a motion to dismiss the third-party complaint or certify the case to the Mahoning County Common Pleas Court where the foreclosure action was still active.

**{¶10}** On October 16, 2017, McCrae filed a second motion for relief from judgment or for reconsideration of the trial court's amended entry confirming sale and ordering distribution of sale proceeds in the foreclosure action. On the same day, McCrae filed an opposition to M&T's motion to dismiss his third-party complaint in the eviction action.

**{¶11}** On October 20, 2017, the Struthers Municipal Court granted M&T's motion to certify the eviction action to the Mahoning County Common Pleas Court.

**{¶12}** On December 14, 2017, the magistrate put on an order consolidating the foreclosure action with the eviction action so that both cases would proceed before the Mahoning County Common Pleas Court.

**{¶13}** On March 26, 2018, McCrae filed a motion to amend his third-party complaint in order to add a claim for conversion. On May 7, 2018, the trial court denied this motion. That same day, the trial court denied McCrae's motion for relief from judgment and held that McCrae's motion failed to meet the standards for providing relief from judgment or vacating a prior order.

**{¶14}** McCrae timely filed this appeal on May 15, 2018. He now raises two assignments of error.

**{¶15}** McCrae's first assignment of error states:

THE TRIAL COURT ERRED IN OVERRULING APPELLANT MCCRAE'S CIVIL RULE 60(B) MOTION FOR RELIEF FROM THE COURT'S 4/27/17 JUDGMENT CONFIRMING SHERIFF SALE AND ORDERING DISTRIBUTION OF SALE PROCEEDS.

**{¶16}** McCrae's second assignment of error states:

THE TRIAL COURT ERRED IN DENYING APPELLANT MCRAE'S CIVIL RULE 15(A) MOTION FOR LEAVE TO AMEND HIS THIRD-PARTY COMPLAINT AND TO FILE AMENDED THIRD-PARTY COMPLAINT, INSTANTER.

**{¶17}** We cannot address the merits of McCrae's assignments of error, however, because this case does not present a final appealable order.

**{¶18}** This case began as two separate actions, the foreclosure action in the Mahoning County Common Pleas Court and the eviction action in the Struthers Municipal Court. The Mahoning County Common Pleas Court consolidated the two cases. Thus, both the foreclosure action and the eviction action proceeded in that court as a consolidated case.

**{¶19}** The court entered judgment in the foreclosure action denying appellant's motion for relief from judgment. That judgment does not contain the Civ.R. 54(B) language "no just reason for delay." Had the foreclosure action not been consolidated with the eviction action, this would have been a final appealable order. But the eviction action is still pending in the trial court. Thus, a claim is still pending.

**{¶20}** Pursuant to Civ.R. 54(B), an order is not appealable if "more than one claim for relief is presented in an action" and the order only enters "judgment as to one or more but fewer than all of the claims" unless the trial court expressly determines "that there is no just reason for delay." *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, 874 N.E.2d 1243, ¶ 45 (7th Dist.). As noted above, the judgment in the foreclosure action does not contain the Civ.R. 54(B) language.

**{¶21}** Additionally, the judgment denying McCrae's motion for leave to amend is not a final appealable order as that matter is still pending in the trial court.

Case No. 18 MA 0054

{¶22} In *Mezerkor v. Mezerkor*, 70 Ohio St.3d 304, 1994-Ohio-288, 638 N.E.2d 1007, the administrator of the decedent's estate filed a wrongful death action against the alleged tortfeasor and two insurance companies for a death resulting from an auto accident (tort action). The insurance companies filed a separate declaratory judgment action (declaratory judgment action). The trial court consolidated the two cases. The insurance companies filed a motion for summary judgment in the declaratory judgment action, which the trial court granted on November 2, 1988. The judgment entry granting summary judgment listed both case numbers and did not contain the Civ.R. 54(B) language "no just reason for delay." The consolidated cases proceeded as to the other parties. Ultimately, the trial court entered judgment in favor of the administrator against the tortfeasor because she failed to answer or otherwise defend the action.

{¶23} The administrator then filed a notice of appeal on March 5, 1990, from the November 2, 1988 judgment granting summary judgment to the insurance companies. He asserted the November 2, 1988 judgment did not become a final appealable order until February 5, 1990, when the trial court disposed of the entire case. The appellate court dismissed the appeal in the declaratory judgment action finding it to be untimely. It determined that the consolidated cases were separate entities and one could terminate prior to the other. Therefore, the appellate court found that when the trial court granted summary judgment in the declaratory judgment action, that was a final appealable order.

{¶24} The Ohio Supreme Court reversed. It concluded that the appellate court erred in holding the administrator's appeal untimely. *Id.* at 308. The Court found:

> While the appellate court correctly noted the timeliness of the appeal in case No. 92-1763 based on the absence of a Civ.R. 54(B) certification order, the court apparently forgot that the absence of a Civ.R. 54(B) certification order in the consolidated cases delayed the necessity of an immediate appeal by the administrator in case No. 92-1734 as well.

*Id.* The Court elaborated:

> While we might be tempted to digress in this matter and discuss the effect of Civ.R. 42 on the consolidation of the cases in the trial court below, the instant cases are more readily disposed of on the basis that the absence of

> Civ.R. 54(B) certification language prevented the immediate appealability of the summary judgments granted in favor of Fidelity and USF&G in both of the consolidated cases.

*Id.*

**{¶25}** The Ohio Supreme Court has opted once to find that the rule applied in *Mezerkor* did not apply. In *Redman v. Ohio Dept. of Indus. Relations*, 75 Ohio St.3d 399, 662 N.E.2d 352, the Court found *Mezerkor* "to be inapplicable to the unique set of facts involved in the case sub judice, inasmuch as case Nos. 91CVF-03-2091 and 91CVF-04-3253 had been fully litigated and were poised for judgment in the common pleas court." *Id.* at 401, fn. 2. The Court further noted that the consolidation was only to ensure that the same judge would dispose of all of the cases and that it was in the best interest of judicial economy to consider the issues raised. *Id.*

**{¶26}** But as specifically stated by the Ohio Supreme Court, the exception in *Redman* was limited to its "unique set of facts."

**{¶27}** Moreover, many other appellate districts have relied on *Mezerkor* to hold that consolidated cases are not individually appealable when issues remain to be litigated absent proper Civ.R. 54(B) language. See *Whitaker v. Kear*, 113 Ohio App.3d 611, 616, 681 N.E.2d 973 (4th Dist.1996) ("we hold that consolidated cases are not individually appealable absent Civ.R. 54(B) certification."); *Keller v. Kehoe*, 8th Dist. No. 89218, 2007-Ohio-6625, ¶ 8 (finding no final appealable order in the absence of Civ.R. 54(B) language in the judgment appealed from when there an additional claim of the consolidated case remained pending); *Reid v. Plainsboro Partners III*, 10th Dist. No. 06AP-1099, 2007-Ohio-5655, ¶¶ 11-12 (relying on *Mezerkor* to find that the order appealed from in a consolidated case was not a final appealable order because it lack the Civ.R. 54(B) language); *Graphic Enterprises, Inc. v. Keybank Nat. Ass'n*, 11th Dist. No. 2001-P-0129, 2002-Ohio-5159, ¶ 11 (holding that a judgment on only one part of a consolidated case is not a final appealable order without Civ.R. 54(B) certification and noting that (1) this helps to avoid piecemeal appeals and (2) the trial court is in the best position to determine if an appeal of only one case in a consolidated action should proceed by itself).

Case No. 18 MA 0054

**{¶28}**  We agree with our sister appellate courts that absent Civ.R. 54(B) language, a judgment disposing of only one part of a consolidated case is not a final appealable order.

**{¶29}**  In sum, we lack jurisdiction to review McCrae's assignments of error.

**{¶30}**  Appeal dismissed.

Waite, P. J., concurs.

Robb, J., concurs.

Case No. 18 MA 0054

---

For the reason stated in the opinion rendered herein, this appeal is dismissed for lack of a final appealable order. Costs taxed against appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**