JOURNAL ENTRY and OPINION
In this wrongful death action resulting from an automobile accident allegedly caused by another defendant, plaintiff-appellant Frances Moss appeals from the trial court order that granted the motion for summary judgment filed by her automobile insurance carrier, defendant-appellee Safe Auto Insurance Company.
Appellant presents three assignments of error[1]; nevertheless, this court may not consider them since it has no jurisdiction to do so.
The record reflects appellant named in her original complaint two defendants, viz., Maryann Marra[2] and Allstate Insurance Co. Defendant Marra answered the complaint and also filed a counter-claim against appellant. Defendant Allstate simply filed an answer to the complaint, although the record reflects defendant Allstate subsequently filed a motion to consolidate the instant case with Case No. 346110, which the trial court granted.[3]
Thereafter, the trial court granted appellant's motion to amend her complaint. Appellant's first amended complaint named appellee Safe Auto as an additional defendant in the action. Only appellee responded to appellant's first amended complaint. Appellee denied the pertinent allegations of the complaint and asserted a counterclaim seeking a declaratory judgment that appellant's insurance policy with it provided no coverage for the injuries she claimed.
Appellee eventually filed a motion for summary judgment with respect to appellant`s claims against it. Appellant filed a brief in opposition to appellee's motion.
The trial court thereafter issued an order and opinion granting appellee's motion. Appellant filed her appeal from that order.
However, as the foregoing cursory review of the record demonstrates, several causes of action and claims remain unresolved in this case. The trial court neither determined there was no just cause for delay nor issued journal entries with respect to claims and counterclaims remaining in this case.[4] Instead, the trial court issued an order scheduling a date for hearing on the remaining claims.
Since the order from which appellant filed her appeal complied with neither Civ.R. 54(B) nor R.C. 2505.02, it is not a final appealable order. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86; Noble v. Colwell (1989), 44 Ohio St.3d 92; Walters v. Hawken School (Aug. 27, 1998), Cuyahoga App. No. 73051, unreported; see, also, Mezerkor v. Mezerkor (1994), 70 Ohio St.3d 304. This court, therefore, lacks jurisdiction to consider appellant's appeal.
This cause is dismissed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ KENNETH A. ROCCO, JUDGE
TIMOTHY E. McMONAGLE, P.J. and PATRICIA A. BLACKMON, J. CONCUR
[1] Appellant's assignments of error are set forth in the Appendix attached.
[2] Marra was the defendant who allegedly caused the accident that resulted in the death of plaintiff's decedent.
[3] No papers from the consolidated case are included in the record on appeal.
[4] Although the trial court's order and opinion states appellant's claim against defendant Allstate was settled, no journal entry exists to that effect.
 APPENDIX ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT NO MATERIAL ISSUES OF FACT EXISTED PRECLUDING SUMMARY JUDGMENT IN FAVOR OF THE INSURER SAFE AUTO REGARDING THE ISSUE OF WHETHER THE EXCLUSIONARY PROVISION IN SAFE AUTO'S UNINSURED MOTORIST POLICY, WHEREBY UNINSURED BENEFITS ARE ELIMINATED FOR AN INSURED WHO SUFFERED INJURIES AS A RESULT OF THE DEATH AND LOSS OF HER ADULT SON IN A MOTOR VEHICLE ACCIDENT WITH A NEGLIGENT, UNINSURED DRIVER, WAS LEGALLY EFFECTIVE, PERMISSIBLE AND OTHERWISE IN COMPORT WITH APPLICABLE STATUTORY AND DECISIONAL LAW ON THE SUBJECT, INCLUDING OHIO REVISED CODE S3937.18(A)(1), AS AMENDED IN S.B. 20, SEXTON V. STATE FARM MUTUAL AUTOMOBILE INS. CO., 69 OHIO ST.2d 431 (1982), AND SUBSEQUENT CASE PRECEDENT.
ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT NO MATERIAL ISSUES OF FACT EXISTED PRECLUDING SUMMARY JUDGMENT IN FAVOR OF THE INSURER SAFE AUTO REGARDING THE ISSUE OF WHETHER PLAINTIFF-APPELLANT'S INJURIES, SUSTAINED AS A RESULT OF THE DEATH AND LOSS OF HER ADULT SON IN A MOTOR VEHICLE ACCIDENT WITH A NEGLIGENT, UNINSURED DRIVER, SATISFIED THE POLICY DEFINITION OF THE TERM BODILY INJURY AND OTHERWISE WERE WITHIN THE SCOPE OF HER COVERAGE UNDER THE UNINSURED MOTORIST POLICY.
ASSIGNMENT OF ERROR NO. III
 THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT NO MATERIAL ISSUES OF FACT EXISTED PRECLUDING SUMMARY JUDGMENT IN FAVOR OF THE INSURER SAFE AUTO REGARDING THE ISSUE OF WHETHER THE LEGISLATIVE AMENDMENTS TO THE OHIO UNINSURED MOTORISTS STATUTE, R.C. S3937.18(A)(1), AS CONTAINED IN LEGISLATION REFERRED TO AS S.B. 20, PARTICULARLY INSOFAR AS THOSE AMENDMENTS PURPORTED TO PERMIT EXCLUSIONARY PROVISIONS SUCH AS SAFE AUTO'S IN THIS MATTER, WHEREBY UNINSURED AND UNDERINSURED BENEFITS ARE ELIMINATED FOR AN INSURED WHO SUFFERED INJURY AS A RESULT OF THE DEATH AN (SIC) LOSS OF ANOTHER PERSON NOT AN INSURED UNDER THE POLICY, AS HERE WHERE THE INSURED SUFFERED THE DEATH AND LOSS OF HER ADULT SON IN A MOTOR VEHICLE ACCIDENT WITH A NEGLIGENT, UNINSURED DRIVER, WERE CONSTITUTIONAL AND IN COMPORT WITH OTHER APPLICABLE STATUTORY (INCLUDING THE OHIO WRONGFUL DEATH STATUTE) AND DECISIONAL LAW ON THE SUBJECT INCLUDING OHIO REVISED CODE S3937.18(A)(1), AS AMENDED IN S.B. 20, SEXTON V. STATE FARM MUTUAL AUTOMOBILE INS. CO., 69 OHIO ST.2d 431 (1982), AND SUBSEQUENT CASE PRECECENT.