OPINION
This is an appeal from the judgment of the Portage County Court of Common Pleas awarding summary judgment to appellees, Auto-Owners Insurance Company (Auto-Owners) Michigan Millers Insurance Company (Michigan Millers), (collectively: appellees).
On January 23, 1995, appellant, Akro-Plastics, filed a complaint against appellee, Drake Industries (Drake), a Michigan company with whom Akro-Plastics contracted. Akro-Plastics manufactures backboards that are fit into medical stretchers in Kent, Ohio. In 1993, Akro-Plastics entered into an oral agreement with Drake. Pursuant to this agreement, Drake would pick up the backboards in Akron, transport them to Drake's Michigan facility, where foam would be injected into the backboards, and then return the backboards to Akro-Plastics.
In 1993, a fire in Drake's facility destroyed a shipment of Akro-Plastics' backboards. Two additional shipments were improperly processed by Drake. As a result, Akro-Plastics filed a complaint seeking recovery for damages. The trial court applied Ohio law and granted judgment against Drake in the amount of $79,646. On December 28, 1998, we modified plaintiff's judgment to $53,118.
On March 3, 1999, pursuant to R.C. § 3929.06, appellant filed a supplemental complaint against insurers Michigan Millers and Auto-Owners. Drake had contracted with Auto-Owners, located in Lansing Michigan, to provide insurance for coverage of a number of vehicles. The affidavit of Joseph A. Dimmick, Manager with Michigan Millers,[1]
stated that Michigan Millers insured Drake Industries, 455 East Water, Constantine, Michigan, "for all rights and obligations of the contract of insurance which by its language is governed by the laws of Michigan."
On March 23, 1998, prior to appellant's filing its supplemental complaint in Ohio, Auto-Owners filed a complaint for declaratory judgment in the State of Michigan regarding potential liability to Akro-Plastics. The Circuit Court of St. Joseph County, Michigan entered judgment in favor of Auto-Owners finding that Drake breached the terms of its policy with Auto-Owners and, as a result, Akro-Plastics was not entitled to recovery from Auto-Owners.
On April 21, 1999, Auto-Owners filed a motion to dismiss appellant's supplemental complaint based on lack of subject matter jurisdiction, which was denied by the Portage County Court of Common Pleas, on May 27, 1999.
On October 4, 1999, Michigan Millers filed a motion for summary judgment based on lack of personal jurisdiction.
Subsequently, on October 27, 1999, Auto-Owners filed a similar motion for summary judgment based on lack of personal jurisdiction as well asres judicata, the full faith and credit doctrine and forum nonconveniens.
On November 30, 1999, the trial court granted appellees' motions for summary judgment concluding that the court did not have personal jurisdiction over Michigan Millers and Auto-Owners. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred in granting Auto-Owners [sic] motion for summary judgment due to lack of personal jurisdiction.
 "[2.] The Trial Court erred in granting Michigan Millers [sic] motion for summary judgment based on lack of personal jurisdiction."
 Summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. Summary judgment may be granted only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In reviewing a motion for summary judgment, the evidence must be construed in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47, 517 N.E.2d 904.
In appellant's first and second assignments of error, it argues that the trial court erred in granting appellees' motions for summary judgment due to lack of personal jurisdiction. Appellant contends that summary judgment was inappropriate in this case because reasonable minds could come to differing conclusions as to whether appellees were "persons" within Ohio's long arm statute. Appellees argue that they have demonstrated that there are no material facts in dispute and that they are entitled to judgment as a matter of law.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court held:
 "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293.
 The issue sub judice is whether reasonable minds could come to differing conclusions as to whether the long arm statute confers personal jurisdiction over Auto-Owners and Michigan Millers. When determining whether a state court has personal jurisdiction over a nonresident corporation, the court must determine whether the state's long arm statute or applicable civil rule confers personal jurisdiction and, if so, whether granting jurisdiction comports with the due process clause of the fourteenth amendment to the United States Constitution. Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 480.
R.C. 2307.382, Ohio's long arm statute, provides in relevant part:
 "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
"(1) Transacting any business in this state;
 "(2) Contracting to supply services or goods in this state;
 "(3) Causing tortious injury by an act or omission in this state;
 "(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 "(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 "(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
 "(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
 "(8) Having an interest in, using, or possessing real property in this state;
 "(9) Contracting to insure any person, property, or risk located within this state at the time of contracting."
 In its first assignment of error, appellant argues that jurisdiction is proper in Ohio because Auto-Owners availed itself of the benefits of the Ohio courts and that Michigan's exercise of personal jurisdiction in Auto-Owners' declaratory judgment action was inappropriate. Appellee urges that Ohio does not have personal jurisdiction over Auto-Owners and that by virtue of the Michigan judgment, appellant's claim is barred by res judicata.
Akro-Plastics was a party to the declaratory relief action in the state of Michigan. "A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action." Mezerkor v. Mezerkor, (1994) 70 Ohio St.3d 304. Akro-Plastic's claim is barred by resjudicata.
In its second assignment of error, appellant urges that Michigan Millers' conduct is consistent with 2307.382(A)(1) and (2). In support of this argument, appellant alleges that Michigan Millers is registered with the Ohio Department of Insurance and as such is required to consent to jurisdiction in all cases filed in Ohio. Appellant also submitted pages from documents filed in the Ohio courts which show that Michigan Millers had been named as a defendant in a suit by Drake, Drake Industries Corp.v. Michigan Millers Mutual Ins. Co., 95 CV 0240, and had availed itself of the benefits of the Ohio courts as a plaintiff, Michigan Millers Ins.Co. v. John and Jane Doe, 99 CV 00438.
Michigan Millers contends that it did not directly transact any business or contract to supply goods or services in Ohio in relation to the cause of action sub judice and that Drake is not an agent of Michigan Millers. Thus, none of the provisions of R.C. 2307.382 are applicable. Further, Michigan Millers argues that it did not purposefully avail itself of the privilege of conducting business in Ohio to the extent that it created a substantial connection or continuing obligation therein. Michigan Millers also argues that appellant's claim is barred as a result of appellant's failure to respond to the motion for summary judgment until after it had been granted.
Looking at the file and evidence de novo, neither Auto-Owners nor Michigan Millers falls within the purview of 2307.382(A). R.C.2307.382(A)(1) authorizes a court to exercise personal jurisdiction over a nonresident defendant if the cause of action arises from the defendant's "transacting any business in this state." Huskin v. Pappse
(June 30, 2000), Trumbull App No. 99-T-0069, 2000 LEXIS 2992, *6, unreported. "Transacting business" is broad and encompasses more than a contract. Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 480.
The record is void of evidence that either Auto-Owners or Michigan Millers directly or through an agent transacted business or contracted to supply goods or services as set forth in 2307.382(A)(1) and (2). Drake was not an agent of Auto-Owners or Michigan Millers. The record does not support appellant's allegation that as a result of Michigan Millers' alleged registration with the Ohio Department of Insurance, it has consented to jurisdiction of all cases filed in Ohio. Further, the fact that Michigan Millers consented to jurisdiction to an Ohio court in one lawsuit does not confer jurisdiction to Ohio in every case involving Michigan Miller. Additionally, being named as a defendant in an Ohio lawsuit does not automatically confer personal jurisdiction in a subsequent lawsuit against Michigan Miller. R.C. § 2307.382(9) is also inapplicable because the person, property and risk insured were not located in Ohio at the time of contracting.
Appellant is entitled to have factual allegations sustaining personal jurisdiction construed in its favor. However, it must first plead or make a prima facie showing of jurisdiction over appellees. Huskin v.Pappse (June 30, 2000), Trumbull App. No. 99-T-0069, 2000 Lexis 2992, *6, 7; citing Jurko v. Jobs Europe Agency (1975), 43 Ohio App.3d 79, 85,334 N.E.2d 478. Appellant has failed to present any facts to support the proposition that either appellee has engaged in any conduct, either directly or by an agent, that relates to the underlying cause of action. Upon review of the record and the entire file, construing the evidence in a light most favorable to appellant, we find that there exists no genuine issue of material fact and that Auto-Owners and Michigan Millers were entitled to judgment as a matter of law. Appellees did satisfy their burden; the trial court did not err in granting summary judgment in favor of the appellees. See Dresher, supra. Appellant's assignments of error are without merit.
For the foregoing reasons the judgment of the Portage County Court of Common Pleas is affirmed.
O'NEILL, P.J., CHRISTLEY, J., concur.
[1] The policy executed between Michigan Millers and Drake is not contained in the record.