DECISION
{¶ 1} Plaintiff-appellant, Madelynn Reid ("appellant"), filed a complaint against defendants-appellees, Plainsboro Partners III, Columbus Junction Company, Olde Mill Lakes Apartments, Bellows 
Associates, Lawrence W. Friel, Jr., Jeffrey C. Bellows, Kathleen M. Underwood and Tammi L. Tootle ("appellees"), alleging discrimination by appellees as a result of retaliation against her because she complained about unlawful *Page 2 
discrimination and participated in formal proceedings to protest such unlawful discrimination. Appellant is the daughter of appellee, Lawrence W. Friel, Jr., who is alleged to be an officer, statutory agent, partner and/or major client of appellees, Columbus Junction Company, Plainsboro Partners III, Olde Mill Lakes Apartments and Bellows Associates. The other individual appellees are employees of these companies.
 {¶ 2} Appellant lived in an apartment at Olde Mill Lake Apartments, a building owned by her father, for several years without paying rent. In August 2004, appellant alleges that she was diagnosed with a disabling condition that required she use a wheelchair. She requested that a wheelchair ramp be installed at the apartment building. Appellees installed a wheelchair ramp, but appellant considered it unsafe and outside city code and the parties could not agree regarding who should pay for the modifications.
 {¶ 3} In October 2004, appellees requested that appellant sign a lease agreement and pay $550/month in rent. Appellant filed a complaint with the Ohio Civil Rights Commission alleging illegal retaliation for her handicap and her attempts to assert her rights. Appellant's twin sister, Margaret Swartz, also assisted appellant in asserting her rights. The parties also could not agree regarding other issues, including the installation of a peephole in appellant's apartment door, construction of a handicap parking space and the accompanying sign, and keeping the area clear of ice and snow.
 {¶ 4} In January 2005, the parties signed a Conciliation and Consent Agreement, which was reduced to a final order by the Ohio Civil Rights Commission on March 17, 2005. Appellees paid appellant $13,325 in damages. *Page 3 
 {¶ 5} In December 2004, appellant filed a second complaint with the Ohio Civil Rights Commission. In March 2005, appellees requested that appellant sign a lease agreement and pay $650/month in rent. In June 2005, appellees began eviction proceedings, which appellant contends were unlawful. Amended Complaint, at ¶ 84. Appellant alleged that appellees forced her to vacate the premises through the ongoing harassment, intimidation, and threatening behavior. Amended Complaint at ¶ 93.
 {¶ 6} In her amended complaint, appellant contends that appellees' actions by requiring her to sign a lease resulted in disparate treatment for appellant because they treated her differently than her siblings, who were similarly-placed individuals. Amended Complaint, at ¶ 75.
 {¶ 7} Appellees filed a motion for summary judgment[1] asserting that the common pleas court lacked jurisdiction to hear appellant's claims because the Ohio Civil Rights Commission had specifically reserved jurisdiction through March 17, 2007 and appellant had not filed a petition for judicial review of the order within 30 days pursuant to R.C. 4112.06. The trial court granted the motion for summary judgment.
 {¶ 8} Appellant filed a notice of appeal, and raised the following assignments of error:
 I. THE COURT OF COMMON PLEAS ERRONEOUSLY APPLIED ORC 4112.06(H) THUS IMPROPERLY DISMISSING THE ENTIRE COMPLAINT OF PLAINTIFF-APPELLANT.
 II. THE COURT OF COMMON PLEAS ERRONEOUSLY GRANTED SUMMARY JUDGMENT ON THE CLAIMS OF PLAINTIFF-APPELLANT. *Page 4 
 {¶ 9} Before addressing the assignments of error, we must determine whether this order constitutes a final appealable order, as this court may entertain only those appeals from final judgments or orders.Noble v. Colwell (1989), 44 Ohio St.3d 92. A final order is statutorily defined by R.C. 2505.02, which provides as follows:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy * * *[;]
 * * *
 (5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 10} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides, as follows:
 When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the *Page 5 
action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 {¶ 11} This case was consolidated in the common pleas court withFriel v. Swartz, Franklin C.P. No. 05-CVH-05-5825 on February 17, 2006. That case had not been resolved when summary judgment was granted in this case and the decision and entry does not contain Civ.R. 54(B) language. In Mezerkor v. Mezerkor (1994), 70 Ohio St.3d 304, the Supreme Court of Ohio reversed the court of appeals that had ruled that a final order existed when the trial court had granted summary judgment in one of two consolidated cases. The court in Mezerkor, stated at 308: "[T]he court apparently forgot that the absence of a Civ.R. 54(B) certification order in the consolidated cases delayed the necessity of an immediate appeal." Thus, the order in this case is not a final appealable order.
 {¶ 12} For the foregoing reasons, we find that the order appealed from is not a final appealable order and this court does not have jurisdiction to entertain the appeal, thus, the appeal is dismissed. Appellees' motion for an award of attorney fees is denied.
Appeal dismissed; motion for attorney fees denied.
 PETREE and FRENCH, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] We note that the motion for summary judgment is not included in the record on appeal, but is not pertinent to our decision. *Page 1