JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants, Robert Klein and Alan Jaffa, appeal from a common pleas court order dismissing their complaint to enforce an agreement to mediate and arbitrate. We find that this decision in this consolidated action is not a final and appealable order. Therefore, we dismiss this appeal.
 {¶ 2} In a complaint filed March 25, 2003, plaintiffs alleged that they and defendant Jacob Smilovitz were the owners of all of the common stock of two Ohio corporations, Heritage Park Nursing and Rehabilitation Center, Inc. (" Heritage") and Regency Park Nursing and Rehabilitation Center, Inc. ("Regency"), and were parties to a close corporation agreement and stock buy/sell agreement regarding their ownership interests, rights and obligations. Pursuant to a proposal generated by Smilovitz and his co-defendants, Howard, Wershbale Co. ("Howard, Wershbale") and HW Capital Services Corp. ("HW"), Heritage and Regency were to lease nursing home facilities from a third party, and Smilovitz was to run them. Plaintiffs signed as co-lessees, and personally guaranteed the leases and loans which the corporations obtained to provide operating funds for the facilities.
 {¶ 3} The complaint alleges that plaintiffs agreed to participate in this venture based upon false statements made by Smilovitz, and false projections and analyses prepared by Howard, Wershbale and HW. In February 2002, these plaintiffs brought an action against Smilovitz, Howard, Wershbale and HW for breach of fiduciary duties, securities fraud, rescission, professional liability, and fraud, but voluntarily dismissed the claims against Smilovitz, without prejudice, in October 2002. Other claims remained pending in that action.
 {¶ 4} Plaintiffs further claimed that Smilovitz mismanaged the homes, causing additional losses. In June 2001, Klein filed an action against Smilovitz relating to this mismanagement and for failure to indemnify him under the shareholder agreements for losses incurred under the lease and guarantees. Klein dismissed this action without prejudice in July 2001.
 {¶ 5} In the 2003 complaint, plaintiffs claimed that they asked Smilovitz to consent to mediation of these disputes pursuant to the shareholder agreements, but Smilovitz refused. Therefore, they asked the court to order Smilovitz to comply with the shareholder agreements regarding mediation and arbitration. They also asked the court to consolidate this case with the proceedings in the 2002 case. The court consolidated the two actions.
 {¶ 6} Smilovitz moved the court to dismiss the 2003 complaint pursuant to Civ.R. 12(B)(6). He contended that the complaint was barred by res judicata because plaintiffs' claims had been adjudicated on the merits due to the operation of the "two dismissal rule." The court granted this motion, without opinion. Plaintiffs now appeal.
 {¶ 7} Claims remain pending before the common pleas court in the 2002 action with which this case was consolidated. Although the Ohio Supreme Court has not clearly spoken on this issue, cf.Mezerkor v. Mezerkor (1994), 70 Ohio St.3d 304; Redman v. OhioDept. Of Indus. Relations (1996), 75 Ohio St.3d 399, the consensus among the courts of appeals in this state supports the view that "individual cases that have been consolidated may not be appealed until the consolidated case reaches its conclusion absent Civ.R. 54(B) certification in the judgment entry."Whitaker v. Kear (1996), 113 Ohio App.3d 611, 614; GraphicEnterprises, Inc. v. Keybank N.A., Portage App. No. 2001-P-0129, 2002-Ohio-5159, ¶ 10 and cases cited therein; Liberty Mut. Ins.Co. v. Paris (May 20, 1999), Cuyahoga App. Nos. 74064 and 74065. No Civ.R. 54(B) certification appeared in the judgment entry. Accordingly, this appeal is dismissed.
 {¶ 8} This cause is dismissed.
Celebrezze, Jr., P.J., and Calabrese, Jr., concur.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.