[Cite as *Estate of Small v. Bank of New York*, 2014-Ohio-3546.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

THE ESTATE OF CHARLES W.
SMALL, MARK SMALL,
ADMINISTRATOR,

      PLAINTIFF-APPELLEE,                    CASE NO. 15-13-10

      v.

BANK OF NEW YORK AS TRUSTEE,        O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CV 06-05-197

Appeal Dismissed

Date of Decision:  August 18, 2014

APPEARANCES:

    *K. Issac deVyver* **for Appellant**

    *Todd D. Wolfrum* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Bank of New York ("BNY"), appeals the judgment of the Court of Common Pleas of Van Wert County, granting summary judgment in favor of Plaintiff-Appellee, Mark Small, administrator of Charles Small's Estate. On appeal, BNY contends that the trial court committed the following errors: (1) applying R.C. 2117.06(C)'s six month limitation period to its in rem foreclosure action; (2) applying the doctrine of laches; and (3) denying BNY's motion for summary judgment. For the reasons that follow, we dismiss this appeal for lack of a final, appealable order.

{¶2} This matter is the consolidation of two separate cases: (1) the foreclosure action in Case No. CV06-05-197; and (2) the action to quiet title in Case No. CV12-02-038. We will discuss the procedural histories of these two cases together, as they are intertwined.

{¶3} On July 26, 2005, Charles executed a promissory note ("the Note") with Countrywide Home Loans, Inc. ("Countrywide") for a loan in the amount of $138,000. (CV06-05-197 Docket No. 11, Exhibit A, p. 1). The Note was secured by a mortgage encumbering property located at 1381 Elm Sugar Road, Convoy, Ohio 45832 ("the Mortgage"). The property at 1381 Elm Sugar Road contains two parcels of land: Parcel I, No. 01-000252.0100 and Parcel II, No. 01-00252.0300. Parcel I contains a house, while Parcel II is an adjacent plot of

unimproved land. The Mortgage described the 1381 Elm Sugar Road Property by its address, parcel numbers, and gave a legal description of Parcel II, however, it omitted a legal description of Parcel I.

{¶4} The Mortgage was a refinancing of Charles' mortgage to Centex Home Equity Company ("Centex") from December of 2001, which was secured by an $119,000 loan ("the Centex Mortgage"). The Centex Mortgage described the 1381 Elm Sugar Road Property based upon its address and two legal descriptions, but omitted the parcel numbers. Countrywide paid $119,011.12 to Centex in order to satisfy the Centex Mortgage.

{¶5} Further, the Mortgage listed Mortgage Electronic Registration Systems, Inc. ("MERS") as "the mortgagee under this Security Instrument." (CV06-05-197 Docket No. 52, Exhibit C, p. 2). On August 17, 2005, the Mortgage was recorded in the Van Wert County Recorder's Office.

{¶6} Charles subsequently defaulted on the Note and the loan was accelerated, making the entire balance due and owing. On May 25, 2006, "BNY as Trustee for the Certificateholders [sic] SWABS, Inc. Asset-Backed Certificates, Series 2005-16 c/o Countrywide Home Loans, Inc." filed a foreclosure complaint alleging that Charles owed an unpaid debt of $135,866.77 plus 9.625% interest. (CV06-05-197 Docket No. 11, p. 1-2).

**{¶7}** On September 7, 2006, Charles filed his answer wherein he asserted numerous affirmative defenses. Charles then made several deed transfers, which ultimately resulted in Mark becoming the owner of Parcel I.

**{¶8}** On September 20, 2006, BNY filed a motion for summary judgment. BNY attached an affidavit by David Sunlin, the Senior Vice President of Countrywide, to its motion. In the affidavit, Sunlin stated that he had personal knowledge that Charles defaulted on his loan and that BNY elected to accelerate the loan payment, making the entire balance due and owing. Further, Sunlin stated that as a result of the default, Charles owed a principal balance of $135,866.77 plus 9.625% interest.

**{¶9}** In October of 2006, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting "solely as a nominee for Countrywide Home Loans, Inc." assigned Charles' mortgage to BNY.[1] This assignment was recorded in the Van Wert County Recorder's Office on November 3, 2006. (CV12-02-038 Docket No. 3, Exhibit C, p. 1).

---

[1] The Mortgage in this case in nearly identical to the mortgage in *Countrywide Home Loans Servicing L.P. v. Shifflet*, 3d Dist. Marion No. 9-09-31, 2010-Ohio-1266, where I filed a dissenting opinion explaining why I believed that MERS was merely a nominee with no real interest in the real property or the loan. *Id.* (Rogers, J., dissenting) at ¶ 20; *see also Everbank v. Vanarnhem*, 3d Dist. Union No. 14-13-02, 2013-Ohio-3872, ¶ 43 (Rogers, J., dissenting). Since MERS was designated as Countrywide's nominee, it had no real interest in the subject property and it had no holder interest in the property when it conveyed the mortgage to BNY. As a result, I believe that BNY, as MERS' assignee, is likewise deprived of a holder interest in the subject property and cannot bring a foreclosure action as the holder of the mortgage. However, I recognize that I must follow the precedent of this court, which has found that in these situations, MERS can assign its interest in a mortgage to a third party. Further, neither party raises the issue of standing, and therefore, I decline to address this issue any further.

{¶10} On October 13, 2006, the trial court granted BNY's motion for summary judgment. On January 26, 2007, an Order of Sale was filed with the trial court. (CV06-05-197 Docket No. 27). However, on January 29, 2007, BNY moved the court "to return the Order of Sale without execution and withdraw the subject premises from foreclosure sale" and the trial court granted BNY's motion that same day. (CV06-05-107 Docket No. 28). BNY never reinitiated the foreclosure proceedings and for the next six years, Case No. CV06-05-197 saw no activity.

{¶11} Charles died on April 27, 2011 and in January of 2012 Mark opened an estate. On February 8, 2012, Mark, as administrator of Charles' estate, filed a Complaint to Quiet Title, Case No. CV12-02-038, alleging that BNY had released its claim in Parcel II and argued that the Mortgage created a cloud on the title. Therefore, Mark asked the court for an order declaring that the Mortgage was satisfied and released. BNY failed to respond to Mark's Complaint to Quiet Title. On May 16, 2012, the trial court issued its judgment entry finding that BNY's mortgage was "released and satisfied by proceedings in the above titled case in said court * * *." (CV12-02-038 Docket No. 11, p. 1).

{¶12} On December 13, 2012, BNY filed a Motion to Vacate Judgment Entry and Consolidate Case. In its motion, BNY argued that that the trial court's May 16, 2012 Judgment Entry was void because of the doctrine of lis pendens,

and thus, the trial court should vacate its judgment.[2] In the alternative, BNY argued that it should be granted relief under Civ.R. 60(B) since it has a meritorious defense to the motion to quiet title, Mark misrepresented to the trial court the status of the foreclosure action, and BNY's motion to vacate was made within a reasonable time. BNY's motion also asked the court to consolidate Case Nos. CV06-05-197 and CV12-02-038.

{¶13} On January 8, 2013, the trial court granted BNY's motion to vacate its May 10, 2012 Judgment Entry. It also ordered that "Case No. CV06-05-197 [be] consolidated with this case [CV12-02-038] for all matters of further litigation on both cases."[3] (CV12-02-038 Docket No. 21, p. 2). On January 22, 2013, BNY filed its Answer to Mark's Complaint to Quiet Title wherein it denied the allegations made in Mark's complaint and also asserted various affirmative defenses.

{¶14} On April 2, 2013, BNY filed a Motion to Vacate Judgment and Leave to File Amended Complaint, seeking reformation of the Mortgage to include the legal description for Parcel I. Further, it asked the trial court to add

---

[2] Ohio's lis pendens statute, R.C. 2703.26, states that "[w]hen a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

[3] We read this judgment entry as ordering the foreclosure complaint, Case No. CV06-05-197, to be consolidated with the quiet title complaint, Case No. CV12-02-038. Thus, the caption in any subsequent pleadings should read that BNY is the Defendant, while Mark is the Plaintiff. However, the trial court's November 14, 2013 Judgment Entry, which is being appealed, has BNY as the Plaintiff and Mark as the Defendant. This is irreconcilable with the trial court's previous January 8, 2013 Judgment Entry.

new defendants to the foreclosure complaint in order to determine their position as lienholders. The trial court granted this motion on April 24, 2013.

{¶15} On May 23, 2013, BNY filed an Amended Complaint for Foreclosure and Reformation ("Amended Foreclosure Complaint"). In addition to Charles, BNY also listed U.S. Bank, National Association N.D. ("U.S. Bank"), Mark Small, Jane Doe, and the State of Ohio as defendants.[4] In its Amended Foreclosure Complaint, BNY asked the court to reform the Mortgage in order to include the legal description of both Parcels I and II. BNY admitted that the Mortgage did not have the legal description of Parcel I, however, BNY argued that "at the time of execution of the mortgage deed" Charles intended to transfer all interest he had in Parcels I and II. (CV06-05-197 Docket No. 41, p. 4). Further, BNY argued that if the trial court were to deny its request for reformation that it should be able to "be equitably subrogated to the previous mortgage deed [(the Centex Mortgage)] * * * to the extent of the funds used to pay off that previous mortgage." (*Id.* at p. 6). BNY also argued that it is the holder of the Note and the Mortgage and that Charles defaulted in his payments on the Note and owes an unpaid sum of $135,866.77. BNY's Amended Foreclosure Complaint asserted that both the State of Ohio Department of Taxation and U.S. Bank have interests

---

[4] U.S. Bank and the State of Ohio were properly served notice of the Amended Complaint for Foreclosure. (CV06-05-197 Docket No. 36).

in the 1381 Elm Sugar Road Property and asked the trial court to determine the lien priorities between the three parties.

**{¶16}** Further, BNY attached the "Certificate of Judgment for Lien Upon Lands and Tenements" which stated that there was a $226.55 lien on the 1381 Elm Sugar Road Property.[5] (*Id.* at Exhibit C, p. 1). BNY also attached a copy of a mortgage between U.S. Bank and Mark, which secured a loan for $40,000. ("U.S. Bank Mortgage") (*Id.* at Exhibit D). The U.S. Bank Mortgage encumbered Parcel I and was executed on November 23, 2007. On December 21, 2007, the U.S. Bank Mortgage was recorded in the Van Wert County Recorder's Office. The U.S. Bank Mortgage contained the correct parcel number, address, and legal description of Parcel I.

**{¶17}** Mark filed its Answer to BNY's Amended Foreclosure Complaint on June 10, 2013, wherein it denied BNY's allegations and asserted various affirmative defenses.

**{¶18}** On July 1, 2013, the State of Ohio responded to the Amended Foreclosure Complaint and stated that it had no interest in the property and asked the trial court to be dismissed from the complaint.[6] (Docket No. 50).

---

[5] We note that on the same page as the Certificate of Judgment, it stated that the judgment had been satisfied and the lien cancelled and released on December 20, 2002.

[6] There is no judgment entry in the record in which the trial court subsequently granted the State of Ohio's request to be dismissed from the complaint.

{¶19} On August 16, 2013, BNY filed a Motion for Summary Judgment. BNY argued that "despite containing only the legal description of Parcel II, the Mortgage remains a valid and enforceable encumbrance on both Parcels I and II." (CV06-05-197 Docket No. 52, p. 5). BNY also argued that even if the trial court did not find that the Mortgage was valid due to the missing legal description, the Mortgage should be reformed to properly reflect its encumbrance on the 1381 Elm Sugar Road Property. Alternatively, BNY asked the court to be "equitably subrogated to the Centex Mortgage." (*Id.* at p. 23). BNY attached an affidavit from Krysta Clark, the Assistant Vice President and Operations Team Manager for BNY, to its motion for summary judgment, which stated she had personal knowledge of the facts of this matter. Clark stated that Charles defaulted under the terms of the Note and the Mortgage and that Charles' debt was accelerated, making the entire balance due and owing. Clark also averred that Charles owes a principal sum of $135,866.77 plus 9.625% interest. (*Id.*, Affidavit in Support, p. 2).

{¶20} On September 24, 2013, Mark filed a competing Motion for Summary Judgment. Mark argued that BNY was time barred from asserting a claim against the Estate because of R.C. 2117.06(C), which states that a creditor must present a claim "within six months after the death of the decedent * * *."

Mark also argued that BNY was barred from asserting a claim against the Estate because of the doctrine of laches.

**{¶21}** BNY filed a Response in Opposition to Mark's Motion for Summary Judgment on October 9, 2013. In its motion, BNY admitted that its claim on the Note has been barred under R.C. 2117.06, however, asserted that it obtained title to the 1381 Elm Sugar Road Property and is allowed to pursue an in rem proceeding to reach the aforementioned property. Further, BNY argued that the foreclosure is not barred by laches because Mark could not prove that there was an unreasonable delay or that he was materially prejudiced by such a delay. BNY also asserted that Mark actually benefited by the delay since he was living at the 1381 Elm Sugar Road Property, without having to pay a mortgage.

**{¶22}** On November 14, 2013, the trial court granted Mark's motion for summary judgment. In its judgment entry, the trial court found that BNY was time barred under R.C. 2117.06(C) to bring a claim against the Estate and was also barred by the doctrine of laches. Therefore, the trial court found that the Mortgage was released and satisfied as it pertained to Parcel II.

**{¶23}** BNY filed this appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED WHEN IT APPLIED ORC § 2711.09(C)'S SIX MONTH LIMITATIONS PERIOD TO**

**BNY'S IN REM FORECLOSURE ACTION BECAUSE ORC § 2117.06 GOVERNS ONLY IN PERSONAM CLAIMS AGAINST AN ESTATE.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED WHEN IT HELD THAT BNY'S FORECLOSURE ACTION WAS BARRED UNDER THE DOCTRINE OF LACHES BECAUSE SMALL FAILED TO SHOW MATERIAL PREJUDICE AND A LACK OF KNOWLEDGE THAT BNY WOULD ASSERT ITS RIGHTS.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED WHEN IT DENIED BNY'S MOTION FOR SUMMARY JUDGMENT BECAUSE SMALL'S LEGAL ARGUMENTS ARE WITHOUT MERIT AND THERE ARE NO MATERIAL FACTS IN DISPUTE.**

{¶24} Before we can reach the merits of BNY's assignments of error, we must preliminarily decide whether the trial court's judgment entry was a final, appealable order. The Ohio Court of Appeals is only vested with appellate jurisdiction over final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2). "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5. "[T]he consensus among the courts of appeals in this state supports the view that 'individual cases that have been consolidated may not be appealed until the consolidated case reaches its conclusion absent Civ.R. 54(B) certification in the judgment entry.' " *Klein v. Howard, Wershbale & Co.*, 8th Dist. Cuyahoga No.

83218, 2004-Ohio-2010, ¶ 7 quoting *Whitaker v. Kear*, 113 Ohio App.3d 611, 614 (4th Dist.1996).

**{¶25}** Here, the trial court stated that "Plaintiff's claims are both time-barred as a matter of law by ORC 2117.06(C) and barred as a matter of equity by the doctrine of laches. The court, therefore, grants summary judgment to the Defendants and against the Plaintiff * * *." (CV06-05-197 Docket No. 63, p. 2). Although it appears that the trial court granted Mark's motion for summary judgment, it did not explicitly dispose of BNY's motion for summary judgment.

**{¶26}** Additionally, the judgment entry does not enunciate the rights or liabilities of U.S. Bank or the State of Ohio. BNY added these two defendants in its Amended Foreclosure Complaint, however, the trial court never resolved the claims as it related to these two defendants. *See CitiMortgage, Inc. v. Roznowsk*, --Ohio St.3d--, 2014-Ohio-1984, ¶ 20 ("for a judgment decree in a foreclosure to constitute a final order, it must address the rights of all lienholders and the responsibilities of the mortgagor"); *see also Federal Home Loan Mtge. Corp. v. Wuest*, 64 Ohio App.3d 513, 513-514 (1989) (an order of foreclosure that does not dispose of all remaining claims must be dismissed for want of a final appealable order). While the State asked the trial court to be dismissed as a party to the Amended Foreclosure Complaint, we cannot find where in the record the trial court actually granted the State's request. Further, it appears that U.S. Bank was

properly served notice of the Amended Foreclosure Complaint but failed to answer. We are unsure what, if any, rights U.S. Bank now has in Parcel I.

**{¶27}** Finally, the judgment entry still leaves many important questions unanswered: was the absence of the legal description of Parcel I fatal to BNY; was Parcel I part of Charles' Estate and subject to R.C. 2117.06(C) or was it owned by Mark; is in fact, the State of Ohio's lien satisfied; is the State of Ohio no longer a party to the foreclosure complaint; does U.S. Bank have a valid lien in Parcel I; did U.S. Bank forfeit any interest it had in Parcel I by failing to respond to the Amended Foreclosure Complaint; while the trial court's judgment quieted title as to Parcel II is there still a cloud on Parcel I?

**{¶28}** The trial court should explicitly resolve each case separately and also address the rights of *all* parties to *both* the foreclosure complaint and the quiet title complaint.

**{¶29}** Accordingly, for the forgoing reasons, the appeal is dismissed.

*Appeal Dismissed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**